IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**CHARLES LAZONE HOLLYWOOD**                               **PETITIONER**
Reg #35787-044

VS.           CASE NO.: 2:15CV00113 JM/BD

**C. V. RIVERA, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                    **RESPONDENT**

## RECOMMENDED DISPOSITION

I.  **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr.  Mr. Hollywood may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.  By not objecting, Mr. Hollywood may also waive any right to appeal questions of fact.

II. **Background**

Petitioner Charles Lazone Hollywood pleaded guilty in the United States Court for the Eastern District of Missouri to distribution of five grams or more of cocaine base.

(Docket entry #1 at p. 2)  The Missouri judge sentenced Mr. Hollywood as a career offender to 144 months' imprisonment.[1]  (*Id*.)

Mr. Hollywood filed a previous pro se petition for writ of habeas corpus with this Court under 28 U.S.C. § 2241, claiming: that he was actually innocent of being a career offender; that the enhancement to his sentence was an error; and that the error was causing a miscarriage of justice.  *Hollywood v. Rivera*, 2:14cv00149-JM, (filed December 22, 2014)  The Court dismissed the petition for lack of jurisdiction because Mr. Hollywood's claim (that his sentence exceeded the maximum sentence allowed) could only be brought with the sentencing court under 28 U.S.C. § 2255.  *Hollywood*, 2:14cv00149-JM at docket entries #10 and #13.

Mr. Hollywood has now filed a second pro se petition for writ of habeas corpus under 28 U.S.C. § 2241.  In this petition, he cites *Johnson v. U.S.*, __ U.S. __, 135 S.Ct. 2551 (2015), where the United States Supreme Court held the "residual clause" of the Armed Career Criminal Act to be unconstitutionally vague.  Mr. Hollywood argues that the savings clause in 28 U.S.C. 2255(e) now applies to his case.  For the reasons that follow, the Court will recommend DISMISSAL of the petition without prejudice.

---

[1] After Mr. Hollywood was sentenced, the guideline sentencing range was lowered, and the change was made retroactive by the United States Sentencing Commission.  Mr. Hollywood filed a motion for reduction of his sentence based upon the change, which the trial court denied.

### III.    Jurisdiction

Generally, a federal inmate claiming that his sentence exceeds the maximum allowed by law must be brought with the sentencing court through a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  28 U.S.C. § 2255(a); *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010)(citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005)).  A habeas corpus petition under 28 U.S.C. § 2241, on the other hand, attacks the execution of a sentence, or the manner in which the sentence is being carried out.  A court cannot entertain a petition for habeas corpus under § 2241, "if it appears the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective</u> to test the legality of his detention."  28 U.S.C. § 2255(e)(emphasis added).  The last clause is a provision generally referred to as § 2255's "savings clause."  *Abdullah*, 392 F.3d at 959.

Mr. Hollywood argues that the savings clause applies in this case.  A petitioner who seeks to take advantage of the savings clause must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective.  *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959).  This exception, however, is a "narrowly circumscribed safety valve." *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275 (2002).

The fact that an individual is barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit a petitioner to file under § 2241. *Lopez-Lopez*, 590 F.3d at 907. Further, the § 2255 remedy is not deemed inadequate or ineffective because the claim was raised in a previous § 2255 motion and rejected – either because the petitioner was denied leave to file a second or successive § 2255 petition, or because a § 2255 petition was time-barred. *Id*.

Here, Mr. Hollywood filed a prior petition with the sentencing court under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *Hollywood v. U.S.*, 1:12cv00155-SNLJ (E.D. Mo. Sept.14, 2012). In the petition, Mr. Hollywood argued that, under the United States Supreme Court case of *Shepard v. United States*, 544 U.S. 13, (2005), one of the prior convictions the sentencing court relied on to enhance the sentence, was not a violent felony. *Hollywood*, at docket entry #2 (filed Sept. 14, 2012). The sentencing court issued an order to show cause why his petition should not be dismissed as untimely. *Id*. at #3. Mr. Hollywood responded to the order, but the court found his arguments to be without merit and dismissed the petition as time barred. *Id*. at #5 (filed Oct. 22, 2012).

Mr. Hollywood filed a notice of appeal challenging the denial of his petition. The Eighth Circuit Court of Appeals treated the notice as an application for a certificate of appealability and denied it. *Hollywood v. U.S.*, No. 12-3725, (8th Cir. March 20, 2013).

Mr. Hollywood then filed a second petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 on May 19, 2014, arguing that he was incorrectly sentenced as a career offender, citing on *Descamps v. U.S.*, 133 S.Ct. 2276 (2013). *Hollywood v. U.S.*, Case No. 1:14cv00067-SNLJ (E.D. Mo. May 19, 2014). The sentencing court found the petition to be successive and transferred it to the Eighth Circuit Court of Appeals, which treated it as an application to file a successive petition. *Id*. at #5, #6. The Court denied Mr. Hollywood's application. *Hollywood v. U.S.*, Case No. 14-2312 (Oct. 20, 2014).

Mr. Hollywood challenged his sentence based on *Descamps* in his first habeas petition filed in this Court, arguing that his offenses did not qualify as predicate offenses to qualify him as a career offender. *Hollywood v. Rivera*, 2:14cv00149-JM, docket entry #1 at 2. Mr. Hollywood argued that the savings clause applied because he was actually innocent of being a career offender. *Id*. This Court dismissed his petition for lack of jurisdiction, noting that he had an unobstructed procedural opportunity to raise his claim with the sentencing court and the fact that his claim was rejected as time-barred did not render the remedy inadequate or ineffective so as to permit him to file a petition under § 2241. See *Lopez-Lopez*, 590 F.3d at 907; *Abdullah*, 392 F.3d at 960–64.

Here, Mr. Hollywood again argues that the savings clause is applicable. This time, however, he relies on the recent United States Supreme Court case of *Johnson v. U.S.*, __ U.S. __, 135 S.Ct. 2551 (2015). In *Johnson*, the Court held that the "residual clause" of

the Armed Career Criminal Act was unconstitutionally vague. Mr. Hollywood argues that the *Johnson* decision is retroactive and asks that he should be resentenced.

The Supreme Court's decision in *Johnson* does not render the savings clause of 28 U.S.C. 2255(e) applicable to Mr. Hollywood's case. Mr. Hollywood has not demonstrated that the § 2255 remedy is inadequate or ineffective in order to trigger the statute's savings clause. But, Mr. Hollywood may petition the Eighth Circuit Court of Appeals to file a second or successive petition under 28 U.S.C. § 2255(h)(2), citing the Supreme Court's decision in *Johnson*.

**IV.  Conclusion**

Because the court lacks subject matter jurisdiction over Mr. Hollywood's 28 U.S.C. § 2241 petition for writ of habeas corpus, this Court recommends that Mr. Hollywood's petition (#1) be DISMISSED, without prejudice.

DATED this 4th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE